[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sharon Adams, alleges in her complaint that she contracted with the defendant, Neil Gallaway, as Administrator of the Estate of Paige Hughes, to purchase real property located at 74 Candlehill Road in New Fairfield, Connecticut. Among other things, Adams' complaint seeks specific performance of the contract. Following service of the complaint, Gallaway entered a pro se appearance for himself individually and as Administrator of the Hughes Estate. Gallaway has not CT Page 1368 answered the amended complaint and is in default. Adams has moved for what the court construes as partial summary judgment; this motion is discussed below.
 I STANDARDS FOR SUMMARY JUDGMENT [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.)
Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000).
 II FACTS
Adams has submitted an affidavit with her motion for summary judgment. This affidavit sets forth the following material facts. Adams learned in the summer of 2000 that the 74 Candlehill Road property was for sale and listed with Claire Luks Realty. Adams looked at the property and negotiated a price with Gallaway whom she understood to be the Administrator of the Estate of Paige Hughes, Gallaway's late wife, and who was living at the residence. Adams was represented by an attorney. Gallaway was represented by Attorney John Sherman who prepared a residential sales contract which both Adams and Gallaway signed. By its own terms, set forth in Paragraph 23, the contract was contingent on the New Fairfield Probate Court approval which Gallaway was to "diligently pursue." Approval was to be obtained on or before September 21, 2000 although this date could be extended by Adams. CT Page 1369
About September 21, Adams was notified that Gallaway was refusing to go through with the sale and had not applied for approval from the Probate Court. Adams states that she has incurred certain expenses as a result of Gallaway's recalcitrance. She states she is ready willing and able to buy the property. As noted above, Gallaway has neither answered the complaint, nor has he controverted Adams' affidavit in any fashion.
 III DISCUSSION
The Adams motion for summary judgment requests "granting specific performance as to Paragraph 23 of the sales contract" and for a "hearing on consequential damages." This is asking for too much as it usurps the role of the Probate Court. Paragraph 23 contains two elements: first, Gallaway contracted with Adams to diligently pursue an application to seek approval of the sale by the Probate Court; second, the sale contract was contingent on Probate Court approval. An action seeking specific performance of real estate sales contract is an equitable action, determined by equitable principles. Steiner v. Bran Park Associates,216 Conn. 419 (1990). Whether to grant the remedy of specific performance rests in the broad discretion of the trial court and depends on the facts and circumstances in each case. Id. The burden is on the plaintiff to prove all the essential elements of her claim and to demonstrate her right in good conscience to the remedy of specific performance.
Adams has produced a written and signed contract for the sale of the property at issue. The contract of sale is contingent on approval by the Probate Court. In the contract, Gallaway unequivocally undertakes the burden to pursue approval by the Probate Court. Under these circumstances, the court determines that that portion of the contract should be specifically performed and therefore orders Gallaway in his role as Administrator of the Estate of Hughes to make application to the New Fairfield Probate Court for approval of the contract of sale between him and Adams and to pursue the approval diligently.
The parties are put on notice as follows. The failure of Gallaway to make application and pursue approval as described above may result in the imposition of sanctions monetary or otherwise. Adams should be prepared to provide proof of being ready, willing and able to consummate the purchase. If Probate Court approval is obtained, the sale may proceed per the contract. If there is approval, and Gallaway does not consummate the sale, Adams may renew her motion.
Adams, J. CT Page 1370